IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| AUGUST D. BASS, | § | |
| Plaintiff | § | |
| v. | § | Civil Action No. 5:22-CV-00013-RWS-JBB |
| CAPTAIN JONES, *ET AL.*, | § | |
| Defendants. | § | |

## ORDER

Plaintiff August Bass, an inmate proceeding *pro se*, filed the above-captioned civil action under 42 U.S.C. § 1983 complaining of alleged violations of his constitutional rights. Docket No. 1. The case was referred to United States Magistrate Judge Boone Baxter in accordance with 28 U.S.C. § 636.

Plaintiff complains of a series of incidents that took place in the Bi-State Correctional Center during which Plaintiff alleges that a number of officers used a convicted murderer named Riley to try to kill him. *Id.* Although he did not give any dates for when these incidents occurred, Plaintiff also complained of the same incidents in a *habeas corpus* petition which he filed in this Court. *See Bass v. Director, TDCJ-CID,* Case No. 5:20-cv-00152, Docket No. 1 (E.D. Tex. Jan. 24, 2022). The pleadings and records in that petition show that the incidents Plaintiff complains of occurred during confinement in the Bi-State Correctional Center in 2014—some seven to eight years before the filing of this lawsuit in January 2022. *See id.*

After a review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted in that it is barred by the statute of limitations. Docket No. 19. After Plaintiff received this Report on May 9, 2023 (Docket No. 20), he sent six letters to the Court (Docket Nos. 21, 22, 23, 24). The first of these letters states that Plaintiff requests monetary damages in this

lawsuit because he suffered emotional unrest, turmoil, and major loss. Docket No. 21. He also seeks dismissal of the charge of unauthorized use of a motor vehicle and compensation for the time that he served on that charge and a later charge for which that charge was used to enhance. *Id.* He also requests that his *habeas corpus* petition be reopened and says that an army veteran named Hodges told him to write to Governor Gregg Abbott and request a pardon. *Id.*

Plaintiff's second letter complains that his objections to the recommendation of dismissal in his *habeas corpus* case were not "accounted." Docket No. 22. He says that the *habeas corpus* petition was important to him "as I had every desire to win in a legal battle regarding the U.S. District Court cases 5:22cv13 and 5:22cv14." *Id.* He contends that he diligently pursued his rights and requests that his *habeas corpus* petition be reopened, stating that he is seeking a pardon and monetary damages. *Id.*

In his third letter, Plaintiff states that he would like to add to the evidence in Case No. 5:22-cv-00013. Docket No. 23. He states that he was put in handcuffs and slammed to the floor by a LaSalle Corrections officer in 2016. *Id.* Plaintiff states that he was taken back to segregation after being slammed against the plexiglass and then onto the floor. *Id.* He contends that he is still doing his best to obtain legal assistance and that he is trying to convince the FBI and the Department of Justice to investigate an alleged obstruction of justice regarding alleged tampering with his correspondence. *Id.* Plaintiff says that he is still eager to obtain $10,000.00 in monetary damages and a commutation of his sentence. *Id.*

In his fourth letter, Plaintiff states that he is no longer taking action against the Texarkana, Texas Police Department Chief Daniel Shiner in Case No. 5:22-cv-00014 and asks if the U.S.

District Court, Texas law enforcement, the Texas Congress, or Governor Abbott has investigated his lawsuit. [1] Docket No. 24.

In his fifth letter, Plaintiff elaborates regarding his language previously used in court filings that were addressed by the Magistrate Judge's Report. Docket No. 25. In his sixth letter, Plaintiff summarizes his allegations and requests further relief. Docket No. 26.

None of Plaintiff's letters, construed as objections, contain a valid basis to set aside the Report of the Magistrate Judge. He does not mention the statute of limitations, which was the basis of the Magistrate Judge's Report, much less provide any reason why his claims are not time-barred. The "new evidence" to which he refers in his third letter concerns an incident that occurred in 2016 and thus is also barred by limitations.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (providing that a District Judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections lack merit. Accordingly, it is

**ORDERED** that Plaintiff's objections (Docket Nos. 21, 22, 23, 24, 25, 26) are **OVERRULED**. It is further

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 19) is **ADOPTED** as the opinion of the District Court. It is further

---

[1] Plaintiff also asks the Court how to obtain records from the Bi-State Correctional Center. Docket No. 24 at 1. The Court does not have any such records. Plaintiff may contact the Bi-State Correctional Center directly regarding his question.

**ORDERED** that the above-captioned case is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted, in that it is barred by the statute of limitations. It is further

**ORDERED** that any pending motions are **DENIED**. A final judgment will be entered in this case in accordance with this Order.

**So ORDERED and SIGNED this 29th day of August, 2023.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE